*John Young Brown, for appellant.*

*P. W. Hardin, for appellee.*

---

### JOHN GILL v. GEORGE S. LIGHT.

[Abstract Kentucky Law Reporter, Vol. 5—933.]

**Title Through Court.**

In case the court, in a cause to sell real estate, has jurisdiction of the parties who own the estate, and the subject-matter, the deed made by a commissioner appointed by the court to convey the real estate will effectually pass the title.

APPEAL FROM KENTON CIRCUIT COURT.

May 1, 1884.

OPINION BY JUDGE PRYOR:

We perceive no reason for disturbing the judgment below. The appellee had acquired title by purchase from the vendees of the original owner, and the objection made that the proceeding against Pancoart as a nonresident was void is not tenable. The nonresident was divested of title, and that proceeding forms a link in appellee's chain of title, and the appellant is assailing the judgment as void in a collateral proceeding when the record of the action against Pancoart shows that although proceeded against as a nonresident he afterwards appeared and consented to the sale. The court had jurisdiction of the parties and of the subject-matter, and the commissioner's deed to the purchaser passed title. The deed from Ludlow to Pancoart was properly authenticated. See *McCullock v. Myers*, 1 Dana (Ky.) 522, and *Ewing's Heirs v. Savary*, 3 Bibb (Ky.) 235. The other records introduced were properly authenticated and competent to show title, and no objection has been pointed out by counsel or authority referred to by reason of which they should have been excluded.

The testimony of Benton was not prejudicial to the appellant, as the proof regardless of his statements shows that the fence was built around the lots by the appellee. The declaration or claim made by the appellee to Benton was at a time when the appellee was in the possession and claiming the land. The error in refusing to give instructions for the defendant or in giving instructions for the plaintiff was not made a ground on the motion for a new trial and can not be considered by this court. It is, besides, clear that the title was in the appellee and the only claim appellant had was that of adverse possession. That issue was properly presented to the jury even if this court had the right to consider the instructions.

The judgment below is *affirmed*.

*R. D. Handy, for appellant.*

*J. F. & C. H. Fisk, for appellee.*